## GEORGE CARLETON *v.* DANIEL JACKSON.

Where a bid for transporting the United States' mail over a particular mail route, made in accordance with proposals issued, has been accepted by the Post Office Department, a transfer, by the person making the bid, of all his interest in the bid and acceptance, is a sufficient consideration for any agreement on the part of the person receiving such transfer.

And in an action upon the agreement made upon receiving such transfer, brought by the person who made the bid, the contract of the defendant is sufficiently set forth in the declaration, if it be alleged, that he agreed, that he would take the said mail contract and clear the plaintiff from all liabilities to the government,—these liabilities being described, as an obligation to furnish the proper bond, and acceptable sureties, and to perform the contract with the government.

And it is a sufficient allegation of a breach of such contract, if it be averred, that the defendant did not clear the plaintiff from his liability on the bid, by procuring the contract transferred to himself at the post office department, or his name substituted for that of the plaintiff, and that he did not execute a contract to the post office department, as required by the bid, either in the name of the plaintiff, or of any other person, and that he did not in any other way clear the plaintiff from his obligation to the post office department, and that he did not carry the mail, or procure it to be carried, over the specified route.

ASSUMPSIT.    The plaintiff alleged in the first count in his declaration, in substance, that he put in a bid for carrying the United States' mail over mail route No. 317, in accordance with proposals issued by the post office department, and accompanied it with security, that he would perform the contract, if his bid should be accepted; that his bid was accepted; that afterwards, in consideration that he paid to the defendant ten dollars and transferred to him his interest in the bid and acceptance, the defendant promised, that he would take the mail contract and clear the plaintiff from all liabilities to the government, these liabilities being fully described; and alleging various breaches on the part of the defendant, whereby the plaintiff had been subjected to a suit in behalf of the United States, and had been put to great trouble and expense.    To this count the defendant demurred.    The objections taken and the particular form of the allegations are sufficiently stated in the opinion delivered by the court.    The county court adjudged the count sufficient; to which decision the defendant excepted.

61

*Smalley & Phelps* for defendant.

*W. W. White* for plaintiff.

The opinion of the court was delivered by

REDFIELD, J.   The first question made is, whether there is any sufficient consideration alleged for the promise.   The consideration alleged is, that the plaintiff paid to the defendant ten dollars and gave up and made over to the defendant his mail contract, such as it was,—that having been set forth in the former part of the declaration.   Here is ample consideration.   The payment of the ten dollars is sufficient, of itself, as was admitted in the argument. But the giving up of the contract for carrying the mail, although it had gone no farther than the acceptance of a bid, was a valid and sufficient consideration for any contract, which the defendant might make.   There was nothing against good policy in the assignment, nor any such invincible impediment in the way of the defendant's obtaining the benefit of the transfer, as made the contract either unavailing, or in contravention of the law, or its policy.

2.   It is said, that the defendant's contract is not intelligibly set forth ; but it seems to us, that what is intended is sufficiently evident.   The defendant undertook, &c., *that he would take the said mail contract and clear the plaintiff from all liabilities to the government.*   These had all been set forth in the former part of the declaration, that is, to furnish the proper bond, and acceptable sureties, and perform the contract.   There is nothing, either in the law, or in the practice of the post office department, so far as known to this court, that affords any excuse to the defendant for not attempting to keep his promise.   If any such excuse in fact exist, it should be shown in defence.   If the defendant could not get admitted to the contract, by the department, that was his risk.

3.   But it is said, there is no sufficient breach alleged.   The plaintiff has alleged all manner of possible breaches, and if any of them are sufficient, the declaration is good.   1. It is alleged, that the defendant did not clear the plaintiff from his liability on the bid, by procuring the contract transferred to himself at the department, or his name substituted for that of the plaintiff.   This, indeed, he was not bound to do ; but he was bound to clear the plaintiff from

Carleton *v.* Jackson.

his liability, either in this or some other mode, for that was his contract. This he could only do by obtaining a substitution of himself, or by full performance. 2. The declaration alleges, that the defendant did not perform the contract,—that he did not execute a contract to the post office department, as required by the bid, either in the name of the plaintiff, or of any other person. 3. That the defendant did not in any other way clear the plaintiff from his obligation to the post office department. 4. That the defendant did not carry the mail, or procure it to be carried, over the specified route.                     Judgment affirmed.